SHIVERS, Judge.
Claimant Robert Sims appeals from the deputy commissioner’s order dismissing his claim for benefits for failure to enter into a pretrial stipulation. The issue in this case is the correctness of that dismissal. We find that the deputy commissioner erred in dismissing the claim, and reverse.
In his claim for benefits, claimant stated that he was injured on May 15, 1984, when a pipe containing caustic materials exploded in his face causing harmful chemicals to enter his eyes. Claimant filed his workers’ compensation claim in February of 1986, seeking, in addition to medical care by an ophthalmologist, attorney’s fees and costs. After the deputy commissioner had scheduled a pretrial conference, but before the conference had actually taken place, claimant’s attorney sought permission to amend his client’s claim for benefits to reflect that the industrial accident had actually hap *646 pened on April 10, 1984, rather than May 15, 1984.
Neither the record nor the briefs of the respective parties reveal exactly what transpired at the pretrial conference. According to the employer/carrier, claimant’s attorney requested permission to amend the claim for benefits, and counsel for the employer/carrier agreed on the condition that it receive a continuance in order to adjust its defense in accordance with the revised date of accident. The employer/carrier elaborates upon this point in its brief:
[t]he claimant’s attorney refused to agree to the continuance and indicated that he would not then amend his claim. The deputy commissioner stated the claim should be amended as it alleged [an] improper date of accident, but the attorney refused to amend the claim and deputy commissioner Housholder prepared the pretrial stipulation sheet according to the information on the claim for benefits in the application for hearing.
In his reply brief, claimant denies that the deputy commissioner ever gave him an opportunity to modify his claim and also denies that his refusal to agree to the date of the accident was in any way connected to avoiding a continuance which the employer/carrier had requested.
Leaving aside this factual dispute, rule 4.100(a)(2), Florida Workers’ Compensation Rules of Procedure, provides that parties shall make appropriate amendments to claims and defenses at a pretrial conference and that amendment may occur as a result of either the deputy’s own motion or by the motion of any party to an action. The language of rule 4.100 is compulsory in nature as indicated by the use of the word “shall.” This language suggests that one of the purposes of a pretrial conference is to enable the respective parties to amend their claims and that the rule seeks to encourage such amendment. On the basis of rule 4.100, therefore, claimant should have been permitted to amend his claim at the pretrial conference.
We are aware that had the deputy commissioner granted claimant’s request to amend the date of his accident, this might have affected the employer/carrier's defense strategy. However, the deputy commissioner could have moved the hearing to a later date so as to allow the employer/carrier an opportunity to respond in light of claimant’s amendment. It was not necessary for her to secure the permission of claimant’s attorney prior to granting a continuance. The deputy commissioner’s complete dismissal of claimant’s claim because of his refusal to stipulate to an accident date which he disputed in good faith seems a harsh and unwarranted sanction. We therefore reverse and remand with instructions that claimant be permitted to amend his claim to reflect the correct date of his industrial accident.
REVERSED and REMANDED.
ERVIN and ZEHMER, JJ., concur.